IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN B. GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>BURKE, et al.,<br><br>Defendants. | MEMORDANDUM DECISION AND ORDER OF DISMISSAL<br><br>Case No. 2:24-cv-00485-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

On July 5, 2024, *pro se* Plaintiff John B. Gardner (Plaintiff) filed his Complaint against Defendants (ECF 1). On July 8, 2024, the court granted Plaintiff's request to leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 5). On February 2, 2025, the court issued an Order to Show Cause (ECF 10) directing Plaintiff to explain by February 19, 2025 why this case should not be dismissed for improper venue. The Order to Show Cause warned Plaintiff that failure to timely respond may result in dismissal of this action (*Id.*). To date, Plaintiff has failed to file any response to the Order or take any other action in this matter.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure

to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Plaintiff failed to file a response to the Order to Show Cause despite a clear warning from the court that this case could be dismissed for failure to respond. Plaintiff's failure to move this matter along interferes with the judicial process. While there is lesser culpability in failing to properly prosecute this matter due to his pro se status, there appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendants having not yet been served. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order to Show Cause, the court finds that the circumstances in this case warrant dismissal.

### III.   CONCLUSION AND ORDER

Based on Plaintiff's failure to prosecute this case, the court hereby **DISMISSES** this case without prejudice.

DATED this 29 April 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah